Chief Justice Robertson,
delivered the opinion of the Court.
Absent Judg.- Nicholas.
This is an union of debt against O’C;dl and his sureties, on his official bond as constable of vlison county, for his failure to execute and return two writs of fieri facias, which had been issued bv n justve of the Peace of Fleming county, in favor of the relators, and delivered to him whilst in full force.
On the trial, on the general issue, the circuit court instructed the jury that, as the defendant in the executions resided in Fleming, and no fact had been shown (according to the act of 1837) which authorized the issuing of them to Mason, the constable was not responsible for failing to obey their mandate; and thereupon a verdict and judgment were rendered in bar of the action.
This instruction presents the only point which is material, and as it clearly appears that the executions were improvidently directed to Mason county, the only thing to be determined is, whether that circumstance shall exonerate the officer from liability for failing to levy or return- them after he had received them.
The executions were not void. Ognell vs. Paston, Cro. El. 165; Bush’s Ca. Ib 118; Burton vs. Eyre, Cro. Ia. 289; Shirley vs. Wright, I. Salk’d 273; Campbell vs. Cummins et al, II. Burr, 1187; Carmer vs. Van Alstyne, IX. Johnson’s Reports 386; Wilson vs. Huston, IV. Bibb 332; Blaine vs The ship Charles Carter, IV. Crunch 332; Scott vs Shaw, XIII Johnson, 378.
The analogy between the foregoing cases and this case is sufficient to shew that these executions were only irregular — and such seems to be the effect of the decision of this court in Cox vs. Nelson. I. Mon. 94.
Constable a lain raterial, not n judicial officer; his duty to obey the execution* not to decuie on its validity.
An officer is not hound to obey a void process-nor will it justify bin» for any act done or attempted by him in enforcing it. But a process merely irregular or erroneous will be a good justification to the officer for whatever be may have done rightly in obediente to its mandate — because his province-is ministerial and executive, and it is therefore not his duty to decide-on the regularity or mere errone* ousness of a judgment or of any process directed to him for enforcing it. But whether any irregularity or mere error in the judgment or execution will exhonerate the officer from all common law liability for failing to levy or return the execution, is not precisely the same question. In Wilson vs. Huston (Supra) this court decided that the fact that an ex-cution had been made returnable to a day more remote than any prescribed by law, was no answer to a motion against the) officer (who received it) for the statutary penalty for failing to return it. But that case and this are not perfectly analagons.
1st. When an officer receives an execution, it may be his duty to return it (if not void) even though he may not have been bound to levy it; and in this case the suit is brought for failing altogether to execute.
2d. The liability to a penalty for failing to return an execution within a month from the return day is fixed by statute, hut whether an officer be liahle, in an action of debt, on his official bond, for failing to levy or return an irregular execution, must be tested by common law principles.
Therefore, although the case of Wilson vs. Huston is an imposing authority against the judgment of the Circuit Court, it is not conclusive. But we have not been able to find any authority for excusing the constable; and his legal liability seems established not only by Wilson vs. Huston, in IV. Bibb, but also by strong analogies.
In some of the cases already cited, and in many others, it has been uniformly decided in England that if an officer, after levying a ca. sa, permit the prisoner to escape, the mere irregularity or erro» iteousness of the execution will riot bar an action by the plaintiff in the execution for damages for the *151 escape. One reason assigned for the decision is, that the execution would be a sufficient shield to the officer for the capture and imprisonment, and, therefore, he should he required to keep the prisoner safely. But in Ognell vs. Bastón and Scott vs. Shaw, and many other cases, a more direct and specific reason is suggested — that is, that aw irregular process is voidable at the instance of the party only — that it is good until so avoided — and that it is not allowable to the officer to whom it is directed to dispute its authority or take advantage of its irregularity, as it will be a justification to. him. It seems to us that this reasoning contains the true principle — and we can perceive no reason v/hv an irregularity in the process should excuse the officer for disobeying it altogether, when, as must be conceded, the same irregularity would not excuse an escape.
Plaintiff’in execution resP°j?3lble enforcing ir-* regular executioD> on mfntfin híé as he would be judgment, by regular exe-' cution.
The same principle must equally apply to both eases. That is, that the defendant in the execution may or may not take advantage of the error or irregularity — that the officer must not presume to decide upon it — and that, therefore, if it be not avoided, his only duty or privilege is to obey its mandate. The only reason why an irregular process will be a good justification to the officer for enforcing it, must be because it is his duty to enforce it unless the party avoid it.
It is true that, as between the plaintiff and defendant to an irregular execution, it will he deemed so far void that the defendant may recover damages against the plaintiff for enforcing it, because he (the plaintiff,) was privy to and should be responsible for the irregularity. But it is equally true that a plaintiff would be responsible to a defendant for enforcing an irregular judgment by a regular cution — and, in such a case, surely a ministerial officer would not be excused for refusing to obey the execution, merely because the judgment was obtained irregularly, but would certainly incur, by his delinquency, liability to the creditor in the execucution; because, if he had executed the process, the creditor might have thus obtained the full benefit of his judgment, and the defendant in the execution may have acquiesced, and never attempted to take *152 advantage of its irregulariiy. The same reason applies with full force to an irregular execution.
Irregularity of execution may be given in evidence in mitigation of damages, but is no bar to an .action for failing to obey its mandate.
Crittenden, for plaintiffs; Beatty for defendants.
In an action for escape, the plaintiff must shew a valid judgment as well as execution, not because such a judgment is necessary to the justification of the officer for levying the execution, but only because the plaintiff can have sustained no injury by the escape, unless he had a judgment; and consequently should not recover damages without shewing a judgment.
But whenever a judgment has been rendered by a court of competent jurisdiction, it is the duty of the officer, to whom process upon it is directed, to obey its mandate, and by negligently or perversely-failing, he does an injury to the judgment creditor arid is guilty of a breach of his official bond, for which an action may be maintained.
The irregularity in the execution may be admissible .evidence in mitigation of damages, but not to bar tiie action. Mow far the facts agreed in this case should mitigate the damages, a jury will determine, when they decide to what extent the relators have been injured by O’CuIl’s failure to levy or return the execution. They are entitled to nominal damages at all events, and may possibly be entitled to the whole amount of their executions. The extent of the injury may depend on facts which do not appear in this record.
Judgment reversed and cause remanded for a new-trial.